# Ray's Estate.

*Appeals—Failure of appellant to file brief—Dismissal of appeal —Appellee's right to be heard—No case before the court—Rule 80.*

1. Where appellant neither appears nor files a brief, the appeal must be dismissed under Rule 80.

2. The Supreme Court cannot, under such circumstances, comply with a request by appellee to construe a written stipulation claimed to have been entered into by counsel on both sides. There is nothing before the court to warrant such action.

Argued September 30, 1924. Appeal, No. 196, Oct. T., 1921, by Mary Ann Ray, widow, from decree of O. C. Mercer Co., June T., 1920, No. 100, discharging rule to remove executors in estate of Wm. W. Ray, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Appeal dismissed.

Rule to remove executors.
The opinion of the Supreme Court states the facts.
Rule discharged. Mary Ann Ray, widow, appealed.

Neither appearance nor printed brief for appellant.

*C. H. Akens,* with him *W. W. Moore* and *Guy Thorne,* for appellees.

PER CURIAM, November 24, 1924:

When this case was reached for argument, appellant neither appeared nor filed a brief. Counsel for appellees was present and asked that we adjudge certain questions as to the meaning of a written stipulation, which, they contend, was entered into by counsel on both sides of the case at the suggestion of this court, when, on a former occasion, hearing of the present appeal was continued. Rule 80 of the Supreme Court provides: "When a case is called for argument, if appellant is not ready to pro-

ceed and has filed no brief, the appeal will be dismissed as of course." No brief having been filed by appellant, this appeal must be dismissed; there is nothing before the court which would warrant us in construing the stipulation at the present time.

The appeal is accordingly dismissed.